IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| DANIELLE M. SAYNER and JEREMY M. SAYNER, | Civil No. 25-00306 MWJS-WRP |
| Plaintiffs, | ORDER GRANTING PLAINTIFFS' MOTION TO REMAND TO STATE COURT |
| vs. | |
| UNITED WHOLESALE MORTGAGE, LLC, et al., | |
| Defendants. | |

**INTRODUCTION**

In 2019, Plaintiffs Danielle M. Sayner and Jeremy M. Sayner took out a loan to purchase a property on the island of Maui. The loan was secured by a mortgage on the property. The Sayners contend that, in the years that followed, they received conflicting information about their loan servicing and it became unclear as to whom they owed the debt. Faced with this uncertainty, the Sayners filed a lawsuit in Hawaiʻi state court. The suit sought to quiet title to their property and asserted various state law tort claims, and one federal claim, against several named Defendants.

Certain Defendants removed the case to this court, and the Sayners responded with an amended complaint that dropped their federal claim. The Sayners then moved to remand the action back to the Hawaiʻi state court, arguing that the operative

complaint—now stripped of its federal claim—does not provide a basis for this court to exercise subject matter jurisdiction over this action.

Because the Supreme Court's decision in *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025), authorizes plaintiffs to deprive a federal court of federal question jurisdiction in precisely the way the Sayners have done here, and because Defendants have shown no other basis for this court to exercise subject matter jurisdiction, the court GRANTS the Sayners' motion.

## BACKGROUND

The Sayners purchased a property located in Hana.  In order to finance the purchase price, they executed a promissory note in the amount of $560,606.00, secured by a mortgage on the Hana property.  The original mortgage established the Sayners as mortgagor, Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as the mortgagee, and Defendant United Wholesale Mortgage, LLC ("UWM") as the lender. Dkt. No. 7-3, at PageID.695-96.  UWM also originally served as the master servicer for the mortgage on the Hana property, with Defendant Nationstar Mortgage LLC ("Nationstar") operating as a sub-servicer of the loan during that time.  Dkt. No. 12, at PageID.772.  Additionally, several months after the mortgage was executed, Defendant Government National Mortgage Association ("GNMA") became a guarantor of the loan by backing a mortgage-backed security issued for a mortgage pool which included the Hana property.  Dkt. No. 25-1, at PageID.915-16.

This state of affairs appears to have persisted until June 2025, when the loan was "service-transferred" from UWM to Defendant Carrington Mortgage Services, LLC ("CMS"). Dkt. No. 12, at PageID.772. At that point, CMS became the new master servicer. *Id.* And according to the complaint's allegations, it appears that at some point following the service-transfer from UWM to CMS (if not earlier), the Sayners began experiencing difficulties stemming from multiple parties allegedly "claiming to be servicers." Dkt. No. 7, at PageID.686. In response to purportedly "conflicting statements and communications" from these parties, the Sayners "made extensive efforts to determine the true holder of the promissory note and the lawful servicer," including by making written inquiries to the parties. *Id.* In response, the Sayners claim to have received "inconsistent, incomplete, and contradictory information, including unclear or missing assignments, unexplained servicing transfers, and conflicting servicing records." *Id.* The Sayners subsequently filed this lawsuit in the Circuit Court of the Second Circuit, State of Hawaiʻi.

UWM, CMS, and MERS removed the case to this court on July 22, 2025. Dkt. No. 1. Their notice of removal offered three bases for the court to exercise jurisdiction over the action: (1) the inclusion of GNMA as a defendant, giving rise to jurisdiction under 28 U.S.C. § 1442(a)(1), which applies to the removal of cases by federal officers or agencies; (2) the suit meeting the requirements for diversity jurisdiction; and (3) the suit meeting the requirements for federal question jurisdiction, insofar as it included a claim

3

under a federal statute, the Real Estate Settlement Procedures Act (RESPA). *Id.* at PageID.2-5.

Three days later, the Sayners filed both a First Amended Complaint ("FAC"), Dkt. No. 7, and a Motion to Remand to State Court, Dkt. No. 8, the latter of which UWM, CMS, and MERS opposed, Dkt. No. 38.[1] The FAC asserts four state law claims against all Defendants: the first claim seeks to quiet title to the Hana property, while the remaining three allege fraud and misrepresentation, violation of the state unfair and deceptive practices law (Hawai'i Revised Statutes § 480-2), and unjust enrichment. Dkt. No. 7, at PageID.686. As relief, the Sayners request a declaratory judgment that they are "the sole owners of the subject real property, free and clear of any interest, lien, or encumbrance of [d]efendants," and that "any mortgage or servicing rights claimed by [d]efendants are invalid and void." *Id.* at PageID.686-87. They also seek costs and any other equitable relief as the court sees fit. *Id.*

The FAC differs from the original complaint in three key ways: (1) it drops federal claims previously brought under RESPA, (2) eliminates a prior demand for money damages, and (3) clarifies that GNMA is included only as a "nominal

---

[1]      Although GNMA and Nationstar did not oppose the Sayners' motion to remand, the court generally refers to Defendants' opposition and—except where necessary for clarity—does not specifically identify UWM, CMS, and MERS as the opposing Defendants.

defendant" against whom no relief is sought. *Compare* Dkt. No. 7 *with* Dkt. No. 1-1; *see also* Dkt. No. 8 (outlining differences).

In addition to the motion to remand at issue here, three motions to dismiss have been filed: one brought jointly by UWM, CMS, and MERS, Dkt. No. 12; one by Nationstar, Dkt. No. 19; and one by GNMA, Dkt. No. 25. The Sayners have opposed the motions to dismiss by UWM, CMS, MERS, and Nationstar, Dkt. Nos. 35, 36, but have filed a notice of non-opposition to GNMA's motion, Dkt. No. 34. Because courts generally should consider a motion to remand before considering motions to dismiss, *see Ladonicolas v. Beury*, 21 F.3d 1114 (9th Cir. 1994) (unpublished table decision), this order addresses only the merits of the motion to remand.

## DISCUSSION

UWM, CMS, and MERS removed this case under 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." The Sayners contend that the case should be remanded to state court because this court lacks original subject matter jurisdiction over the action.

When faced with a motion to remand, "a defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014). It is therefore Defendants' obligation to demonstrate that this action is one over

which a district court would have "original jurisdiction," 28 U.S.C. § 1441(a), and to overcome the "strong presumption against removal jurisdiction," *Moises v. Par Pac. Holdings, Inc.*, No. 20-00533, 2021 WL 600951, at *1 (D. Haw. Feb. 16, 2021); s*ee also id.* ("Courts should presume that a case lies outside the limited jurisdiction of the federal courts.").

The Sayners' motion to remand broadly turns on the notion that their complaint, as amended, no longer provides a basis for this court's subject matter jurisdiction. The Sayners offer three theories in support. First, the Sayners argue that their suit raises no federal question, because the FAC drops the only federal claim—an alleged RESPA violation—previously included in their complaint. They assert that without the RESPA claim, their suit "seek[s] only state-based relief" based "exclusively on Hawaiʻi state law." Dkt. No. 8, at PageID.761. Second, the Sayners assert that "federal jurisdiction based on the inclusion of [GNMA]" does not lie because GNMA "was named solely as a nominal party due to its possible administrative role in the securitization history of the mortgage," and because the Sayners "do not seek any relief from GNMA." *Id.* Finally, the Sayners contend that the amount-in-controversy requirement of diversity jurisdiction is not satisfied because "they no longer seek any monetary restitution or damages" and instead seek only "equitable remedies" in their FAC. *Id.* The court addresses each of these arguments in turn.

1. Federal district courts have original subject-matter jurisdiction over two types of cases: diversity cases, in which each plaintiff is a citizen of a different state from each defendant and the amount in controversy is over $75,000, and federal question cases, in which a claim arises under federal law. *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005). The Sayners' first argument for remand aims to establish that there is no longer any basis for this court to exercise federal question jurisdiction over this matter. They assert that without the RESPA claim—which was included in their original complaint—there remains no claim arising under federal law, and therefore no federal question over which the court has subject-matter jurisdiction.

Defendants do not directly resist this argument. They suggest that the Sayners' withdrawal of their lone federal claim is "strategic pleading" and an "apparent attempt to defeat this Court's jurisdiction." Dkt. No. 38, at PageID.1010-11. But as the Supreme Court recently made clear, "[w]hen a plaintiff amends her complaint following her suit's removal . . . [and] eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves." *Royal Canin*, 604 U.S. at 30. Here, by amending their complaint to eliminate the only claim arising under federal law, the Sayners have deprived the court of its federal question jurisdiction over that claim and of its supplemental jurisdiction over the remaining state law claims. *See id.* Regardless of whether the Sayners intended to plead their way out

7

of federal subject matter jurisdiction, "with any federal anchor gone, . . . [t]he operative pleading no longer supports federal jurisdiction." *Id.* at 55.

    2. The Sayners next argue that the inclusion of GNMA as a defendant does not provide a basis for this court to exercise jurisdiction over their lawsuit. They indicate that GNMA was included only as a "nominal party" from whom no relief is sought, and argue that GNMA's presence therefore has no bearing on whether the court has subject matter jurisdiction. Dkt. No. 8, at PageID.761; Dkt. No. 39, at PageID.1017. UWM, CMS, and MERS counter that whether GNMA is a nominal party is "irrelevant," because the FAC asserts each claim against all defendants—including GNMA. They claim that "[b]ecause GNMA is a federal agency and the claims asserted against it relate to GNMA's relationship to the loan, this Court independently has jurisdiction of this action given GNMA's inclusion in this lawsuit" under 28 U.S.C. § 1442. Dkt. No. 38, at PageID.1013. That statute provides in relevant part:

> (a) A civil action . . . that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
>   (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of congress for the apprehension or punishment of criminals or the collection of the revenue . . . .

UWM, CMS, and MERS contend that because GNMA is a federal agency and because the claims asserted against it are "based on its relationship to securitization or historical title chain of the mortgage," the lawsuit falls under § 1442(a)(1).  Put differently, their argument is that because GNMA is an "agency . . . of the United States" and its inclusion in the lawsuit relates to its "act[s] under color of such office," the removal statute provides an independent basis for federal subject matter jurisdiction.  28 U.S.C. § 1442(a)(1).

But this argument misses a key feature of the statute:  § 1442 only enables the removal of actions *by* a defendant federal agency.  *See id.* ("A civil action . . . that is commenced in a State court and that is against or directed to any of the following may be removed *by them* . . . ." (emphasis added)).  A private entity normally cannot invoke § 1442.  *See, e.g., Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142 (2007).  So while GNMA may be a covered agency under the statute, UWM, CMS, and MERS have not offered any reason why the statute should apply to them.  This point is crucial, because GNMA did not seek removal under § 1442; only UWM, CMS, and MERS did.  *See* Dkt. No. 1, at PageID.2-3.  And because "the federal officer is the only one entitled to remove under § 1442," UWM, CMS, and MERS cannot invoke § 1442 on GNMA's behalf simply because GNMA could have—but did not in fact—remove the action under the statute.  *Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981).  Without providing any basis from which this court could conclude that they are entitled

9

to invoke § 1442, UWM, CMS, and MERS cannot show that § 1442 supports subject matter jurisdiction in this case.[2]

    3. Although the Sayners' withdrawal of their RESPA claim is sufficient to close the federal-question path to subject matter jurisdiction, and although § 1442 does not provide an alternative basis for jurisdiction, this action would still properly be in federal court if diversity supports the exercise of this court's jurisdiction. In other words, if Defendants can show that the controversy is between "citizens of different States" and the amount in controversy exceeds $75,000, then the action is within the court's original jurisdiction and therefore properly removed. 28 U.S.C. § 1332(a).

Defendants observe, correctly, that "[i]t is undisputed that there is complete diversity of citizenship between and among the Parties." Dkt. No. 38, at PageID.1011. The only additional requirement to establish diversity jurisdiction, then, is a showing that more than $75,000 is at stake in the lawsuit. Defendants argue that that

---

[2] Even if UWM, CMS, and MERS could show that they are entitled to remove this action under § 1442, they would still need to show that the court has an independent basis to establish subject matter jurisdiction. As the Ninth Circuit has explained, "[Section 1442] merely allows the federal government to remove a case to federal district court; it does not determine whether the court has jurisdiction to hear it . . . . If there are specific jurisdictional bars . . ., the general removal provision cannot overcome the jurisdictional defect." *State Engineer v. S. Fork Band of Te-Moak Tribe of W. Shoshone Indians*, 339 F.3d 804, 809 (9th Cir. 2003). The need to show an independent basis for jurisdiction is especially relevant where, as here, the lone government defendant is the subject of an unopposed motion to dismiss, *see* Dkt. No. 25 (GNMA's motion to dismiss), Dkt. No. 34 (Sayners' non-opposition), and where any basis for removal under § 1442 will disappear with GNMA's expected departure from the case.

requirement is met due to the peculiar nature of this suit as a quiet title action.[3] They contend that in a suit for injunctive or declaratory relief, "the amount in controversy is measured by the value of the 'object of the litigation,'" which in a quiet title action is "the value of the at-issue property." *Id.* at PageID.1012. So even though the Sayners "are allegedly seeking non-monetary claims," *id.* at PageID.1011, Defendants argue that they are nonetheless "seek[ing] to null and void a Mortgage securing a loan of $560,606.00," *id.* at PageID.1012. It is that amount, Defendants claim, that accurately represents the value of the object of the litigation, easily exceeding the $75,000 threshold and establishing "jurisdiction over this action under 28 U.S.C. § 1332(a) despite Plaintiffs' amendment." *Id.*

Defendants are correct that "[w]hen a plaintiff seeks to quiet title to a property . . . , the object of the litigation is the ownership of the property," and therefore "the value of the property or the amount of indebtedness on the property is a proper measure of the amount in controversy." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d

---

[3] Defendants also suggest in passing that "it is curious that Plaintiffs are not seeking monetary relief where three out of four of Plaintiffs' causes of action are tort claims." Dkt. No. 38, at PageID.1011. But Defendants never elaborate further on this point in their briefing. Because this court considers only the arguments specifically and distinctly argued by the parties in their briefs, it will not engage in any analysis of that suggestion. *See Henry v. Castle Med. Ctr.*, No. 18-00500, 2022 WL 3539514, at *2 n.1 (D. Haw. Aug. 18, 2022); *see also Leialoha v. MacDonald*, No. 07-00218, 2008 WL 2736020, at *5 n.12 (D. Haw. July 11, 2008) ("Allegations and contentions unsupported by any explanation or authority are deemed waived. Thus, the Court will not analyze these claims." (internal citation omitted)).

11

770, 776 (9th Cir. 2017). But a plaintiff seeking to quiet title under Hawaiʻi law must show that "he or she has title to the land, . . . and that he or she has superior title compared to the defendant." *Ibbetson v. Kaiawe*, 143 Hawaiʻi 1, 17, 422 P.3d 1, 17 (2018). And when the property in question has been mortgaged, the plaintiff must further show that he or she is "the rightful owner[] of the property and [has] paid, or [is] able to pay, the amount of [the] indebtedness." *Caraang v. PNC Mortg.*, 795 F.Supp.2d 1098, 1126 (D. Haw. 2011). When a plaintiff fails to do these things, and his or her so-called "quiet title" action actually appears directed towards some other purpose, courts in this district have routinely refused to construe such lawsuits as true quiet-title actions. *See, e.g., Pascua v. Option One Mortg. Corp.*, No. 13-00406, 2014 WL 806226 (D. Haw. Feb. 28, 2014); *Deshaw v. Mortgage Elec. Registration Sys., Inc.*, No. 14-00055, 2014 WL 3420771 (D. Haw. July 10, 2014); *see also Remigio v. Bank of Am., N.A.*, No. 14-00038, 2014 WL 4639463 (D. Haw. Sept. 15, 2014) (collecting similar cases). Whether the Sayners' lawsuit is such a "false" quiet title action has serious implications for the issue of remand, because Defendants' sole remaining theory for subject matter jurisdiction requires the court to find that this case is a quiet title action and that the amount in controversy therefore should be measured in light of the object of the litigation—here, the Hana property.

The Sayners repeatedly refer to their action as seeking to quiet title to the Hana property. *See* Dkt. No. 7, at PageID.686; Dkt. No. 8, at PageID.761; Dkt. No. 39, at PageID.1016. But despite that characterization, there is little else which might lead the

12

court to conclude that their lawsuit aims to quiet title.  For example, the Sayners do not allege that they have paid or are able to pay the amount of their indebtedness—an allegation that is necessary when seeking to quiet title to a mortgaged property.  *See Caraang*, 795 F.Supp.2d at 1126.

That appears to be because the Sayners do not dispute that there is a valid mortgage on their property at all.  As the Sayners describe their suit—despite the "quiet title" designation—"[t]he only substantive controversy" stems from their allegation that UWM "received Plaintiffs' payments for years and later attempted to transfer servicing rights without proper documentation."  Dkt. No. 39, at PageID.1016.  They therefore "seek[] a declaration that UWM lacks authority to enforce the mortgage."  *Id.*  But they nowhere appear to argue that there is, in fact, no legitimate mortgage on the Hana property.  Indeed, they expressly disclaim any intention to "seek rescission or extinguishment of the entire loan."  *Id.*  Instead, as they put it, they are simply "ask[ing] the Court to determine who, if anyone, holds a valid claim to the mortgage."  *Id.*

This description bears a striking resemblance to cases that courts in this district have refused to construe as quiet title actions.  Take *Deshaw*, a case in which the court considered a lawsuit "purporting to be an action to quiet title."  *Deshaw*, 2014 WL 3420771, at *1.  The plaintiffs acknowledged that there was a mortgage on their property, but argued that due to improper transfers of the servicing rights to their loan, they no longer knew "which entities (if any) have an interest in their home, the Note, or

13

the Mortgage." *Id.* The plaintiffs therefore sought a "determination by the court as to which entities have such interests." *Id.*

The defendants in *Deshaw* moved to dismiss the case on the grounds that the court lacked subject matter jurisdiction. Plaintiffs resisted that argument, asserting that the court had diversity jurisdiction and arguing that the amount-in-controversy requirement should be determined with regard to the object of the litigation—which, according to plaintiffs, was the value of the property or amount of the mortgage. The court rejected this argument. It explained that while the plaintiffs had "fashion[ed] their claim as one to 'quiet title,'" they were not "alleging that they owe no debt with respect to the Property" and did not "seek to enjoin a foreclosure." *Id.* at *5. Because they were instead "seek[ing] a declaration to eliminate their uncertainty as to which Defendant is the right party to pay," the "object of the litigation" was merely "Plaintiffs' relief from that uncertainty, and the amount in controversy is the value of such relief." *Id.* The court therefore dismissed the action for lack of subject matter jurisdiction.

The reasoning of *Deshaw* applies with equal force to this case. The Sayners, like the plaintiffs in *Deshaw*, brought their suit after changes in their loan servicer created uncertainty about their mortgage. Both characterized their action as seeking to quiet title. But neither the Sayners nor the plaintiffs in *Deshaw* alleged that they owned their property free and clear of any debt obligations, and neither sought to extinguish or rescind their loan. To the contrary, both appeared to acknowledge that a valid lien

14

existed on their property.  And ultimately, both admitted that the relief they sought was a determination of which servicer had a legitimate interest in the mortgaged property—in the Sayners' words, a determination as to "who, if anyone, holds a valid claim to the mortgage."  Dkt. No. 39, at PageID.1016.

The upshot is that the Sayners' claim, like that of the plaintiffs in *Deshaw*, is not a true quiet title claim.  Here, as in *Deshaw*, the object of the litigation is not the value of the property or debt, but rather the Sayners' "professed uncertainty as to the identity of . . . the holders of the mortgage[] on the property."  *Wegesend v. Envision Lending Grp., Inc.*, 711 F. App'x 443, 443-44 (9th Cir. 2018); *see also Deshaw*, 2014 WL 3420771, at *5.  The value of relieving the Sayners of that uncertainty "appears to be intangible, speculative, and lacks the capability of being translated into monetary value," and even if it could be so translated, "there is no reason to believe the monetary value would exceed $75,000."  *Wegesend*, 711 F. App'x at 444.

Because the Sayners' case does not actually assert a claim to quiet title, the court concludes that the object of the litigation is not the value of the property or debt, but rather the value of the Sayners' uncertainty surrounding the mortgage on their property.  *See id.*  And even if that "subjective relief could be translated into monetary value," the Sayners have not attempted to provide monetary estimates.  *See Dicion v. Mann Mortg., LLC*, 718 F.App'x 476, 478 (9th Cir. 2017).  The court therefore finds that the amount-in-controversy requirement has not been met under the theory pressed by

Defendants.  And since Defendants have not put forward any other argument from which the court could conclude that the amount-in-controversy requirement has in fact been satisfied, Defendants have not established that this court has diversity jurisdiction over this matter.

## CONCLUSION

For the foregoing reasons, the court concludes that Defendants have failed to carry their burden of establishing that this court has subject matter jurisdiction over this action.  The court therefore GRANTS the Sayners' motion to remand.  This case is REMANDED to the Circuit Court of the Second Circuit, State of Hawaiʻi.  The Clerk is DIRECTED to effectuate the remand and to CLOSE this case.  Additionally, the remaining pending motions in this case, Dkt. Nos. 12, 19, 25, are DENIED AS MOOT.

IT IS SO ORDERED.

DATED:  October 22, 2025, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

---

**Civil No. 25-00306 MWJS-WRP**, *Danielle M. Sayner & Jeremy M. Sayner v. Universal Wholesale Mortgage, LLC, et al.*; ORDER GRANTING PLAINTIFFS' MOTION TO REMAND TO STATE COURT